1  Scott A. Kamber
   skamber@kamberlaw.com
2  David A. Stampley
   dstampley@kamberlaw.com
3  KamberLaw, LLC
   100 Wall Street, 23rd Floor
4  New York, New York 10005
   Telephone:   (212) 920-3072
5  Facsimile:   (212) 202-6364
6
   Avi Kreitenberg (SBN 266571)
7  akreitenberg@kamberlaw.com
   KamberLaw, LLP
8  1180 South Beverly Drive, Suite 601
   Los Angeles, California 90035
9  Telephone:   (310) 400-1050
   Facsimile:   (310) 400-1056
10
11 Plaintiffs' Counsel

12            UNITED STATES DISTRICT COURT
13            CENTRAL DISTRICT OF CALIFORNIA

14 TIMOTHY DAVIS, *et al.*            No. 2:10-cv-07112-GW-JCG
                                       [Assigned to the Hon. George H. Wu]
15            Plaintiffs,             **DECLARATION OF DAVID A.**
                                      **STAMPLEY IN SUPPORT OF**
16                                    **PLAINTIFFS' MOTION FOR**
   v.                                 **PRELIMINARY APPROVAL OF**
17                                    **CLASS ACTION SETTLEMENT**
                                      **AGREEMENT**
18 VIDEOEGG, INC.,
                                      Date:      February 28, 2011
19            Defendants.             Location:  Courtroom 10
                                                 312 N. Spring Street
20                                               Los Angeles, CA 90012
21                                    Time:      8:30 a.m.
22

23          **DECLARATION OF DAVID A. STAMPLEY**
24 I, David A. Stampley, declare as follows:
25       1.    I am one of Plaintiffs' counsel in the above-captioned litigation. I
26 make this declaration in support of Plaintiff's motion for preliminary approval of
27 the class action settlement, which is substantively the same as an, in terms of ad-
28 ministration of notice, part of the proposed settlements in *In Re Quantcast Adver-*

Stampley Declaration                    1

*tising Cookie Litig.*, No. 2:10-cv-05484-GW and *In Re Clearspring Flash Cookie Litig.*, No. 2:10-cv-05948-GW.

2.     I have actively participated in all aspects of this litigation, including the negotiation of the settlement and am fully familiar with the proceedings in the matter in which resolution is sought by the parties. If called upon, I am competent to testify that the following facts are true and correct to the best of my knowledge, information, and belief.

3.     I represent that the disclosures contained herein relating to mediation and negotiation between the parties are with the consent of Josh M. Kantrow of Wilson Elser Moskowitz Edelman & Dicker LLP and are not violative of any settlement or mediation privilege.

4.     For over two months prior to the filing of the complaint in this matter, I and my co-counsel worked closely with co-counsel Joseph H. Malley and certain class representatives, investigating facts and developing legal theories contained in the complaint. This pre-complaint effort occupied hundreds of hours of attorney and client time, as well as consultations with certain nonlegal experts. This case impacted many thousands of class members and dealt with highly technical processes by which information obtained by tracking class members on the web was shared among website owners and their online service-providers. These processes required significant business and legal research and technical expert investigation to understand the mechanisms by which Defendant acquired, correlated, and shared class members' information and the mechanisms and policies by which Defendant provided, or could have provided, disclosures of their practices to affected class members. I believe that this understanding allowed us to plead this case with the detail and accuracy that motivated rather early settlement negotiations between the parties. Based on my experience, I believe that the promptness of relief is an absolutely critical feature in addressing resolution of Internet usage issues that involve injunctive relief. Our research, confirmed through the settlement process, is

1   that numerosity is satisfied.

2      5.     On October 23, 2010, the Plaintiffs filed a complaint on their own be-
3 half and on behalf of a purported class of all persons who used any browsing pro-
4 gram on any device to access one or more websites or online content employing
5 any of VideoEgg's technologies involving the use of local shared objects stored in
6 Adobe Flash Player local storage ("LSOs"). Plaintiffs alleged that Defendant failed
7 to provide them proper and adequate notice regarding transmissions of information
8 about them, failed to obtain their consent for such transmissions, and engaged in
9 actions that violated the Computer Fraud and Abuse Act ("CFAA"), the California
10 Consumer Legal Remedies Act ("CLRA"), and the California Computer Crime
11 Law ("CCCL"), California's Invasion of Privacy Act, the California Unfair Com-
12 petition Law, Trespass to Personal Property/Chattels, and Unjust Enrichment.

13      6.     At all times, Defendant has denied and continues to deny that it has
14 engaged in any wrongdoing or committed, threatened to commit, or attempted to
15 commit any wrongdoing of any kind, including that alleged in the complaint in this
16 matter. Defendant contends that it has acted properly and therefore denies that the
17 Plaintiffs and putative class are entitled to any form of damages based on the con-
18 duct alleged in the Complaint. Defendant has maintained and continues to maintain
19 that it has meritorious defenses to all claims alleged in the Complaint and that De-
20 fendant was and is prepared to vigorously defend against all claims asserted in this
21 litigation.

22      7.     Beginning in November, 2010, representatives of Plaintiffs and De-
23 fendant initiated a series of settlement discussions, agreeing to private and confi-
24 dential mediation of the matter and engaged in substantive, arms-length negotia-
25 tions.

26       a.     On January 15, 2011, a mediation was conducted by mediator
27 Rodney A. Max of Upchurch Watson White & Max Mediation Group in Dallas,
28 Texas. Scott A. Kamber led the Plaintiffs' negotiating team, which included Joseph

1   Malley of the Law Office of Joseph H. Malley, and me. VideoEgg was represented

2   by Josh M. Kantrow of Wilson Elser Moskowitz Edelman Dicker LLP. With the

3   assistance of Mr. Max, Plaintiffs counsel met with Defendant's representatives and

4   throughout the day and participants met unilaterally with Mr. Max. After a full day

5   of mediation, the parties to the mediation agreed on all substantive relief and me-

6   morialized their mutual understanding in a document outlining the principal terms

7   of settlement.

8          b.      At no point prior to reaching agreement on the substantive

9   terms of settlement did the parties discuss the amount of any incentive fees of

10  payments to class counsel. This took place for the first time at the end of the me-

11  diation and immediately prior to the memorialization of terms set forth above.

12         c.      In the following weeks, Mr. Kamber and I personally negoti-

13  ated with Mr. Kantrow to flesh out the settlement framework and implementation.

14  The parties continued to negotiate, exchange information regarding settlement de-

15  tails, and examine creative approaches to potential injunctive relief compatible

16  with Defendant's business models.

17         d.      Having reached full agreement on terms and conditions of a set-

18  tlement, the parties now seek the Court's preliminary approval.

19         8.      I have participated directly in the mediation and negotiation efforts

20  and the petition for preliminary approval of the proposed settlement now before

21  this Court. Throughout our mediation and negotiation efforts and in advising our

22  clients of the proposed settlement, plaintiffs' counsel has at all times considered

23  the fairness, reasonableness, and adequacy of the settlement for the class, taking

24  into account: the strength of Plaintiffs' case; the risk, expense, complexity and

25  likely duration of any further litigation; the risk of certifying a class and then main-

26  taining class action status through trial; the amount offered in settlement; the extent

27  of discovery completed and the stage of the proceedings; and the experience and

28  views of plaintiffs' counsel. Against the backdrop of counsels' collective experi-

ence in prosecuting complex class actions, co-counsel and I have considered the claims set forth in the complaint and our continued confidence in the merit of those claims, the scope of relief offered in the settlement compared to the potential relief at the conclusion of litigation, and the risks and costs of continued litigation. Taking these factors into account, it is my opinion that the proposed settlement is fair, reasonable, and adequate, well within the range of possible approval and therefore deserving of the Court's preliminary approval.

9.     A true and correct copy of the proposed settlement agreement entered into by the parties in this matter is attached hereto as Exhibit A.

10.    Proposed class counsel possesses extensive experience in prosecuting class actions and other complex litigation. A copy of the firm resume of KamberLaw, LLC is attached hereto as Exhibit B.

11.    In addition, attached hereto as Exhibit C is counsel's proposed revision to the cy pres distribution in this matter as well as the *Quantcast* and *Clearspring* matters, taking into account the participation of *Videoegg* in this settlement.

12.    Proposed class counsel have diligently investigated and prosecuted this matter, dedicating substantial resources to the investigation of the claims at issue in the action, and have successfully negotiated the settlement of this matter to the benefit of the class.

13.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 18, 2011 at New York, New York

s/David A. Stampley
_____
David A. Stampley