JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DAVIS, *et al.*,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>VIDEOEGG, INC.,<br>　　　　　　Defendant. | Case No. 2:10-cv-07112-GW-JCG |

## FINAL ORDER AND JUDGMENT

**WHEREAS** Plaintiffs contend Defendant VideoEgg, Inc. ("VideoEgg" or "Defendant") used or deposited Adobe Flash Local Shared Objects ("LSOs") on the computers or devices of consumers visiting websites; did so to circumvent such consumers' attempts to block or delete browser cookies; did so to obtain or provide information from or about such consumers to track them; did so without providing such consumers adequate notice or choice; and did so without such consumers' consent and did so contrary to their intent.

**WHEREAS**, on September 23, 2010, Plaintiffs filed their Class Action Complaint, which alleged claims for violations of (i) the Computer Fraud and Abuse Act, 18 U.S.C. 1030; (ii) California's Computer Crime Law, Penal Code § 502; (iii) California's Invasion of Privacy Act, California Penal Code § 630; (iv) the California Consumer Legal Remedies Act; (v) the California Unfair Competition Law, Cal. Bus. and Prof. Code § 17200; and common law claims for Trespass to Personal Property/Chattels and Unjust Enrichment. On October 6, 2010, *Davis et al., v. VideoEgg, Inc.* was transferred as a related case to the *Valdez, et al. v. Quantcast Corporation, et al.* and *Aguirre v. Quantcast Corporation, et al.* actions in the Central District of California.

**WHEREAS**, commencing in November 2010, certain of the Parties conducted

a series of settlement negotiations including, among other things, an in-person mediation conducted by the Mediator on January 15, 2011, during which those Parties each represent that they have candidly aired the strengths and weaknesses in their respective litigation positions.

**WHEREAS**, Defendant denies any and all wrongdoing whatsoever.

**WHEREAS**, Class Counsel have conducted extensive research and investigation relating to the claims and the underlying events and transactions alleged in the Complaint during the prosecution of the Litigation which included: (a) the interview of the Representative Plaintiffs and analysis of their computers to assess the potential claims of each individual; (b) the review of public statements, including consumer-facing statements on websites on which Defendant serves advertisements, press releases attributed to Defendant, and articles about Defendant; (c) analysis of Defendant's interactions with web browsers; and (d) research of the applicable law with respect to the claims asserted in the Complaint and arguments asserted by Defendant. Although Class Counsel believe that the claims asserted against Defendant in the Litigation have substantial merit, Class Counsel recognize and acknowledge that continued prosecution of the Litigation through trial and possible appeal would be protracted and expensive.

**WHEREAS**, Class Counsel and Defendant recognize and acknowledge that continued prosecution of the Litigation through trial and possible appeal would be protracted and expensive, and the outcome uncertain.

**WHEREAS**, each of the Parties and counsel believes, in consideration of all the circumstances and after substantial arms' length settlement negotiations between counsel, that its interests are best served by entering into the settlement set forth in the Settlement Agreement, and that this proposed settlement is fair, reasonable, adequate and in the best interests of the Settlement Class.

**WHEREAS**, the Settlement Agreement defines "Protected Persons" as Defendant and each of its respective past and present officers, directors, employees,

insurers, agents, representatives, investors, customers, partners, joint-venturers, parents, subsidiaries (defined as any entity in which Defendant owns or controls at least 50 percent of the voting securities or the right to elect a majority of the members of the board of directors or by contract or otherwise controls such entity), affiliates, attorneys, successors and assigns; as well as all Persons that used, deployed or caused the deployment of, in online interactions with Class Members, an LSO on a computer or device owned, controlled, or used by a Class Member; and not including Six Apart for its conduct prior to its September 2010 merger with VideoEgg, Inc.

**WHEREAS**, the Settlement Agreement among the parties defines "Released Claims" as "Any and all claims for payment, non-economic or injunctive relief of any kind or nature and any and all liabilities, demands, obligations, losses, actions, causes of action, damages, costs, expenses, attorneys' fees and any and all other claims of any nature whatsoever, based on any of the laws, regulations, statutes or rules cited, evidenced or referenced by such allegations and statements, or any other claims, including but not limited to: all claims, including unknown claims, as set forth in Section 5.3 below, arising from or relating to (i) any of the allegations, facts or statements set out in, or to any claim that was or could have been brought in any of the Complaints; (ii) Defendant's its subsidiaries' and affiliates' use of LSOs; alleged depositing of LSOs on the computers of persons who accessed one or more of Defendant's or its subsidiaries' or affiliates' websites or other online content; and (iii) claims that Defendant or its subsidiaries or affiliates allegedly tracked users, shared their information or displayed advertising to them without sufficient notice. Notwithstanding the foregoing, excluded from Released Claims are all claims related to the use or deployment of non-VideoEgg LSOs by any Person other than the Defendant.

**WHEREAS**, the Settlement Agreement provides for the release of Released Claims against all Protected Persons.

**WHEREAS**, the Parties have engaged in intensive, complex, difficult and

hard-fought arm's-length negotiations.

**WHEREAS**, as a result of those lengthy negotiations, the Parties have been able to reach an agreement to settle these Actions.

**WHEREAS**, by the terms of the proposed Settlement of this Action, in exchange for the dismissal of the Action with prejudice, dismissal of all Released Claims with prejudice, and for entry of this Final Order and Judgment, the Defendant shall take all the actions required by the Settlement Agreement, the terms of which are expressly incorporated by reference herein, in accordance with the procedures set forth therein.

**WHEREAS**, on March 3, 2011, this Court entered a Hearing Order (the "Hearing Order"), which, *inter alia*:

    a.    conditionally certified, for settlement purposes only, pursuant to Rule 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of all persons in the United States who, during the Class Period visited any other internet site employing any of Defendant's technologies involving the use of local shared objects stored in Adobe Flash Media local storage ("LSOs");

    b.    appointed Timothy Davis, Jessica Fishbein, Jeff Hall, and Amanda Spear as representatives of the Settlement Class;

    c.    appointed Scott A. Kamber and David A. Stampley of KamberLaw, LLC as counsel to the Settlement Class;

    d.    preliminarily approved the Settlement, pursuant to Rule 23 (c) and (e) of the Federal Rules of Civil Procedure;

    e.    set a hearing to take place on July 18, 2011, at 9:30 a.m., before this Court, at the United States Courthouse for the Central District of California, 312 North Spring Street, Los Angeles, California (the "Fairness Hearing"), upon notice to members of the Settlement Class, to determine whether:

        i.    the requirements for certification of the Settlement Class have been met;

        ii.    the proposed settlement of the Action in accordance with

the terms set forth in the Settlement Agreement, including as part of the Settlement the payment of Plaintiffs' Class Counsel's attorneys' fees and reimbursement of Plaintiffs' Class Counsel's expenses, should be approved as fair, reasonable and adequate; and

   iii. the Judgment approving the Settlement and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered.

  f. approved the forms of the Notice of Pendency and Settlement Class Action (the "Full Settlement Notice"), substantially in the form of Exhibits A.2 and A.3 annexed to the Settlement Agreement after requiring certain modifications, including the identification of groups to which plaintiffs propose to disburse settlement funds;

  g. prescribed the method and period of time for providing notice to members of the Settlement Class of the certification of the Settlement Class; the Settlement; Plaintiffs' counsel's application for an award of attorneys' fees and reimbursement of expenses; and the Fairness Hearing;

  h. found that such notice to the members of the Settlement Class as described in the Settlement Agreement:

   i. is the best notice practicable to members of the Settlement Class;

   ii. is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the Settlement; to request exclusion from the Settlement Class; and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses;

   iii. is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and

     iv. meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   i. directed Plaintiffs' Class Counsel and Defendant' counsel, on or before April 15, 2011, to file with the Court evidence that the notice-related provisions the Hearing Order had been satisfied, which they did on April 20, 2011;

   j. prescribed the method and period of time during which members of the Settlement Class may file requests to be excluded from the Settlement Class;

   k. provided that, whether or not the Effective Date occurs, any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by any and all judgments and settlements entered or approved by this Court, whether favorable or unfavorable to the Settlement Class;

   l. prescribed the method and periods of time during which members of the Settlement Class may serve written objections to the Settlement and/or the application for an award of attorneys' fees and/or reimbursement of expenses by Plaintiffs' Counsel;

   m. preliminarily barred and enjoined Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class from filing, commencing, prosecuting, maintaining, or intervening in any claim, lawsuit, arbitration, administrative, regulatory or other proceeding (as members of a class action or otherwise) arising out of the Released Claims against any of the Released Parties;

   n. provided that if for any reason, the Effective Date of the Settlement does not occur, the Hearing Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of December 8, 2010, except that any extensions of time granted since that date by one Party to the other shall continue to have force and

effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be consummated or the Effective Date of the Settlement to occur;

o. provided that nothing in the Hearing Order shall be construed or used as an admission, concession, or declaration by or against the Defendant for any fault, wrongdoing, breach or liability; or be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; or be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any claim asserted in the Action.

**WHEREAS** only one person filed an objection to the settlement, which objection that purported class member voluntarily withdrew prior to the Fairness Hearing after reviewing Plaintiffs' opposition papers that demonstrated the lack of factual basis for the objection, such that there presently are no objections at all to the proposed settlement; and whereas only one class member submitted a request to opt-out of the Settlement Class.

**WHEREAS**, Defendant has submitted evidence demonstrating, and the Court finds, that Defendant has provided the notices to the United States Department of Justice and to the Attorneys General of the 50 States, as required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), and specified in 28 U.S.C. § 1715.

**WHEREAS**, the Fairness Hearing was duly held as noticed on July 18, 2011.

**WHEREAS**, this Court, having heard from Plaintiffs' Class Counsel on behalf of the Settlement Class, and from Defendant's counsel, and having reviewed all other arguments and submissions presented by all interested persons and entities with respect to the Settlement and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; and

**WHEREAS**, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby

### ORDERED, ADJUDGED AND DECREED THAT:

1. Notice to the members of the Settlement Class required by Rule 23(c) and (e) of the Federal Rules of Civil Procedure has been provided as directed by this Court in the Hearing Order, and such notice having constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the members of the Settlement Class, and satisfied the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

2. The Settlement Class as provided in the Hearing Order is unconditionally certified pursuant to Rules 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

3. For purposes of all aspects of the Settlement Agreement except the provisions of Section IV.G, with respect to which the Settlement Class will be certified pursuant to Federal Rule of Civil Procedure 23(b)(2), the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over

any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

4. For purposes of the injunctive relief specified in Section IV.G of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; and (e) the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

5. The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 23 of Federal Rules of Civil Procedure.

6. Plaintiffs and Defendant are directed to promptly consummate the Settlement in accordance with the Settlement Agreement and all of its terms.

7. The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of Defendant, or any of the Plaintiffs, Settlement Class Members, or Released Parties.

8. Nathan Searles has properly and timely requested exclusion from the Settlement Class, pursuant to the terms of this Court's Hearing Order, and is excluded from the Settlement Class, shall not be bound by this Final Order and Judgment (except with respect to the injunctive relief specified in Section IV.G of the Settlement Agreement), nor receive any benefit thereunder.

9. The Action is hereby dismissed, with prejudice, on the merits, as against

all Plaintiffs and all members of the Settlement Class, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein, in the Hearing Order and in the Settlement Agreement.

10. Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Protected Persons, in the manner(s) set forth in the Settlement Agreement.

11. Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims.

12. The following organizations, all of which have demonstrated a nexus with the issues raised in the Litigation—particularly, research and education related to avoidance of future harm to consumers—will receive *cy pres* funds from the Net Settlement Fund as set forth in Article 4.4 of the Settlement Agreement and Plaintiffs' proposed allocation plan detailed in their letter to the Court of February 18, 2011 (Dkt. 28-3):

13. An incentive payment, not to exceed $1,500.00, is hereby awarded to each of the following named plaintiffs in the Action: Timothy Davis, Jessica Fishbein, Jeff Hall, and Amanda Spear. Defendant shall pay $1,500 to each of the specified individuals within ten (10) business days after the Effective Date, and in accordance with Paragraph 4.15 of the Settlement Agreement.

14. Plaintiffs' counsel are hereby awarded (i) attorneys' fees in a total amount of $206,250.00. Such amounts are to be paid to Plaintiffs' Class Counsel by Defendant from the Settlement Fund within ten (10) business days after the Effective Date, and in accordance with Paragraphs 4.12 and 4.13 of the Settlement Agreement.

15. The award of attorneys' fees to Plaintiffs' Class Counsel, as provided in paragraph 14, above, shall be allocated among Plaintiffs' counsel in a fashion that, in

the opinion of Plaintiffs' Class Counsel, fairly compensates Plaintiffs' counsel for their respective contributions in the prosecution of the Action. The court has considered this award of attorneys' fees and reimbursement of expenses, in the amounts described in paragraph 14, above, separately from the merits of the Settlement and the Court has considered and finds as follows:

    a.    The Settlement has provided significant relief to the Settlement Class.

    b.    The manner in which Defendant will use and disclose LSOs set forth specifically in § 4.19 of the Agreement was a negotiated term of Settlement.

    c.    Plaintiffs' counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of Plaintiffs and the Settlement Class as a whole.

    d.    The Action involves complex factual and legal issues and, in the absence of Settlement, would involve further lengthy proceedings and uncertain resolution of such issues.

    e.    Had Settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendant, and that any recovery would have been significantly delayed which would have resulted in the continued exposure of Settlement Class members' computers to security vulnerabilities.

    f.    The amount of attorneys' fees and reimbursable expenses awarded to Plaintiffs' counsel is fair and reasonable, given the number of attorney hours expended to achieve the Settlement on behalf of Plaintiffs and the Settlement Class as a whole, and the estimated value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

    16.    Defendant and the Protected Persons shall not be liable for any additional fees or expenses for Plaintiffs' Class Counsel or counsel of any Plaintiff or

Settlement Class Member in connection with the Actions, beyond those expressly provided in the Settlement Agreement.

17. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. Jurisdiction is reserved, without affecting the finality of this Final Order and Judgment, over:

    a. Effectuating the Settlement and the terms of the Settlement Agreement, including the payment of Plaintiffs' counsel's attorneys' fees and reimbursement of expenses, including any interest accrued thereon;

    b. Supervising all aspects of the administration of the Settlement;

    c. Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense to some or all Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

    d. Enforcing and administering the Settlement Agreement and the Settlement including any releases executed in connection therewith, and the provisions of this Final Order and Judgment;

    e. Adjudicating any disputes that arise under the Settlement Agreement; and

    f. Any other matters related or ancillary to the foregoing.

**SO ORDERED, ADJUDGED AND DECREED,**

Dated: July 21, 2011

*/s/ George H. Wu*

George H. Wu
Judge Of The United States District Court

-12-